# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

                Petitioner,

      vs.                             Case No. 18-cv-1192-DRH

WILLIAM TRUE

                Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in U.S. Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction. Petitioner is serving a 384-month sentence after being convicted in four separate actions. (Doc. 1, p. 1). At issue in this litigation is his conviction in *United States v. White*, No. 13-cr-304 (M.D. Fla. 2014) ("criminal case"). Petitioner requests that the Court grant the writ of habeas corpus, vacate his conviction, and dismiss the criminal indictment with prejudice for failure to state an offense. *Id*.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## The Petition

Petitioner was charged sending vulgar and threatening emails to Magistrate Judge Walter Komanski, Florida State's Attorney Lawson Lamar, FBI-JTTF Task Force Officer Kelly Boaz, Lawson Lamar's son Thomas Lamar, and the message boards of the Southern Poverty Law Center and the Anti-Defamation League of B'nai B'rith in violation of 18 U.S.C. § 875(b). (Doc. 1, p. 2). Petitioner was sentenced to 210 months' imprisonment on November 26, 2014. (Criminal Case, Doc. 87). Petitioner argues that he is actually innocent of violating § 875(b) because he was never charged with transmitting threats in interstate commerce with the intent of obtaining a thing of value for himself. (Doc. 1, p. 2).

Petitioner filed a direct appeal raising the issue raised by this action; the appeal was denied. (Doc. 1, p. 3). Petitioner filed a § 2255 motion on April 17, 2017. *Id*. He filed a Fourth Amended § 2255 motion on June 15, 2017, and that Motion remains pending under advisement. *Id*. The court in that matter has not permitted Petitioner to submit further amendments. *Id*. The Fourth Amended §2255 motion specifically raises the question of whether Petitioner needed to personally benefit in order to have the intent to extort. (Criminal Case, Doc. 190, p. 2).

On June 5, 2017, the Supreme Court decided *Honeycutt v. United States*, 137 S.Ct. 1626 (U.S. 2017). Petitioner alleges that he did not become aware of the decision until August 2017. (Doc. 1, p. 4). Petitioner interprets *Honeycutt* to stand for the preposition that in order to commit extortion, the person issuing the threats must personally benefit from what was obtained or intended to be obtained. *Id*. Petitioner moved the Florida Court to permit him to present *Honeycutt* as additional authority, but the motion was denied on May 17, 2018 without explanation. *Id*. Petitioner argues that the Florida Court's denial means that *Honeycutt* was unavailable to him at the time that he filed his § 2255, and that he has triggered the savings clause. *Id*.

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after

3

his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

The Court finds that Petitioner has failed to establish that he has triggered the savings clause in § 2255(e) because he has not shown that § 2255 is inadequate or ineffective to test the legality of his detention. In fact, Petitioner has raised the very issue that he seeks to litigate in this case in both his direct appeal and his currently pending § 2255 motion. (Doc. 1, p. 3); (Criminal Case, Doc. 190, p. 2). Not only that, but *Honeycutt*, the case he relies on, was decided before the current § 2255 motion was filed. Petitioner's position that this state of affairs makes §2255 unavailable to him is patently wrong.

First, Petitioner has argued that although *Honeycutt* was available to him at the time he filed the pending § 2255 motion, he should be excused from raising it because he was unaware of it. Petitioner cites no case law for this position, and it is a generally held legal principle that ignorance is not a defense. *See e.g.*,

*Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002) ("Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack."). Moreover, to accept Petitioner's position would be to completely gut the provisions of AEDPA limiting review of criminal convictions, because all a litigant would have to do to keep § 2241 available is remain in a state of determined ignorance. *See Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002) ("Congress . . . decide[d] that two rounds of judicial review are sufficient in all but the extraordinary situation."). And although the Florida Court denied his motion seeking to draw their attention to *Honeycutt*, the Court will presume that the Florida Court both knows and intends to correctly apply the law; should they fail in those duties, the correct remedy is to file an appeal, not start a parallel piece of litigation. *Id.* (noting that legal error in the resolution of a § 2255 motion is not grounds for filing a § 2241 petition).

More to the point, the correct analysis of whether § 2255 is available to a litigant turns on whether he could have raised the *claim* that he seeks to present in that proceeding, not whether he had the precise *legal case* at hand. *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012) (denying § 2241 petition where petitioner failed to show that his claim could not have been presented in his direct appeal or § 2255 motion, despite subsequent Supreme Court case that clarified the law); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (petitioner could not show that his § 2255 remedy was inadequate or ineffective because his claim was not foreclosed by binding precedent); *Brannigan v. United States*, 249 F.3d 584,

588 (7th Cir. 2001) ("New legal arguments about the same events do not amount to a new claim."). Petitioner has made the claim he seeks to present in this action twice already. The district court hearing his § 2255 motion has not ruled upon it, and his argument may still prevail in that case. Even if it does not, the Court finds that Petitioner has had the opportunity to raise the claim he presents. Section § 2255 is not therefore, an inadequate or ineffective remedy. Accordingly, the § 2241 Petition shall be dismissed for lack of jurisdiction.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline.  It is not necessary for petitioner to obtain a certificate of appealability.

*Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.29
10:36:36 -05'00'

**United States District Judge**